UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KENWORTH STERKEL,

     Plaintiff,

     v.

NANCY A. BERRYHILL
(PREVIOUSLY CAROLYN W.
COLVIN),
Acting Commissioner of Social
Security,[1]

     Defendant.

No. 2:16-CV-00390-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF

Nos. 13 & 14. Mr. Sterkel brings this action seeking judicial review, pursuant to 42

U.S.C. § 405(g), of the Commissioner's final decision, which denied his

application for Disability Insurance Benefits under Title II and his application for

Supplemental Security Income under Title XVI of the Social Security Act, 42

U.S.C §§ 401-434, 1381-1383F. After reviewing the administrative record and

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this suit. No further action need be taken to continue this suit. 42 U.S.C. § 405(g).

briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Mr. Sterkel's Motion for Summary Judgment.

## I.    Jurisdiction

Mr. Sterkel filed his application for Disability Insurance Benefits on March 3, 2013, and his application for Supplemental Security Income on July 23, 2013. AR 13, 211-217, 218-223. His alleged onset date is June 1, 2008, AR 13, 211, 218. Mr. Sterkel's applications were initially denied on May 7, 2013, AR 131-33, and on reconsideration on July 17, 2013, AR 135-36.

A hearing with Administrative Law Judge ("ALJ") Jesse Shumway occurred on April 17, 2015, AR 37-93. On May 13, 2015, the ALJ issued a decision finding Mr. Sterkel ineligible for disability benefits. AR 10-25. The Appeals Council denied Mr. Sterkel's request for review on September 30, 2016, AR 1-4, making the ALJ's ruling the "final decision" of the Commissioner.

Mr. Sterkel timely filed the present action challenging the denial of benefits, on November 2, 2016. ECF No. 3. Accordingly, Mr. Sterkel's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to

do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the

claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.    Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc.*

*Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.   Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and only briefly summarized here.  Mr. Sterkel was 23 years old at the alleged date of onset. AR 23, 95, 103, 211, 218. He has at least a high school education. AR 23, 265, 432. Mr. Sterkel is able to communicate in English. AR 23. He has a history

of substance addiction stemming primarily from cannabis and alcohol abuse. AR 21, 22, 107-08, 112, 120-21, 125-26, 432, 434. Mr. Sterkel previously worked as a team leader, product specialist, laborer, and deli associate. AR 23, 111, 125, 265, 279.

## V.    The ALJ's Findings

The ALJ determined that Mr. Sterkel was not under a disability within the meaning of the Act from June 1, 2008, his alleged date of onset. AR 24.

**At step one**, the ALJ found that Mr. Sterkel had not engaged in substantial gainful activity since June 1, 2008 (citing 20 C.F.R. §§ 404.1571 et seq. & 416.971 et seq.). AR 15.

**At step two**, the ALJ found Mr. Sterkel had the following severe impairments: general anxiety disorder with separation anxiety, degenerative disc disease, degenerative arthritis, asthma, bipolar, depression, and personality disorder (citing 20 C.F.R. §§ 404.1520(c) & 416.920(c)). AR 15.

At **step three**, the ALJ found that Mr. Sterkel did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 15-16.

At **step four**, the ALJ found Mr. Sterkel had the residual functional capacity to perform a full range of light work with these limitations: (1) he can only occasionally climb stairs and ladders; (2) he can only occasionally stoop and

crouch; (3) he can frequently perform all other postural activities; (4) he can have no concentrated exposure to cold, vibration, pulmonary irritants, and hazards; (5) he is limited to simple, routine, repetitive tasks with a reasoning level of three or less; and (6) he can have only superficial interaction with the public, coworkers, and supervisors. AR 17.

The ALJ determined that Mr. Sterkel is unable to perform any past relevant work. AR 23.

At **step five**, the ALJ found that, in light of his age, education, work experience, and residual functional capacity, in conjunction with the Medical-Vocational Guidelines, there are jobs that exist in significant numbers in the national economy that he can perform. AR 24.

## VI.  Issues for Review

Mr. Sterkel argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred by: (1) improperly assessing Mr. Sterkel's subjective complaint testimony credibility; (2) improperly weighing the opinion evidence about Mr. Sterkel's mental impairments; and (3) improperly assessing Mr. Sterkel's residual functioning capacity, and failing to identify jobs, available in significant numbers, that Mr. Sterkel could perform despite his functional limitations.

## VII. Discussion

### A. The ALJ Properly Discounted Mr. Sterkel's Credibility.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id*.

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically

determinable impairments could reasonably be expected to produce the symptoms

Mr. Sterkel alleges; however, the ALJ determined that Mr. Sterkel's statements

regarding intensity, persistence, and limiting effects of the symptoms were not

entirely credible. AR 18.

The ALJ noted several activities of daily living that are inconsistent with Mr.

Sterkel's allegations. Activities inconsistent with the alleged symptoms are proper

grounds for questioning the credibility of an individual's subjective allegations.

*Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty

functioning, they may be grounds for discrediting the claimant's testimony to the

extent that they contradict claims of a totally debilitating impairment"); *see also*

*Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Orn v, Astrue*, 495 F.3d

625, 639 (9th Cir. 2007) (the Ninth Circuit has recognized that daily activities

transferable to a work setting or contradictory to other testimony as grounds for

adverse credibility determination).

Mr. Sterkel alleges total disability due to his physical and mental limitations

rendering him unable to function in or outside his home. AR 18, 20. However, the

ALJ identified several of Mr. Sterkel's activities of daily living that are

inconsistent with his allegation of total physical and mental disability. In particular,

the ALJ noted he exercises regularly and extensively every day for an hour or

more, he prepares his own meals, he drives, he spends three hours a day on the

computer, he is the primary care provider for his kids, he is homeschooling his

kids, and he takes his children to the park. AR 19, 20, 56, 64-65, 67, 69, 98, 106,

272-73, 275-76, 432. In addition, the ALJ determined Mr. Sterkel's subjective

complaints were not entirely credible based on the ALJ's observations that Mr.

Sterkel sat through a one-hour hearing without exhibiting any pain behavior or

mental distress. AR 18, 20-21. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169

F.3d 595, 600 (9th Cir. 1999) (ALJ's personal observations of a claimant can

contribute to the evidence that an ALJ considers, in part, as a factor in determining

credibility).

       Additionally, in consideration of Mr. Sterkel's credibility, the ALJ noted the

lack of mental health treatment sought by Mr. Sterkel. AR 20. A claimant's

statements may be less credible when treatment is inconsistent with the level of

complaints or a claimant is not following treatment prescribed without good

reason. *Molina*, 674 F.3d at 1114; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.

1989) ("Unexplained, or inadequately explained, failure to seek treatment . . . can

cast doubt on the sincerity of [a] claimant's pain testimony."). The record also

demonstrates that Mr. Sterkel is not following his prescribed medication treatment.

AR 120, 122, 480. The ALJ also discounted Mr. Sterkel's credibility and

subjective complaint testimony because Mr. Sterkel quit work because he wanted

to stay at home with his first child, and he did not suffer from a disabling condition

at that time. AR 20, 78-79, 432. The fact that a claimant stopped work for reasons other than their impairments is a sufficient basis to discredit testimony. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

The Court does not find the ALJ erred when assessing Mr. Sterkel's credibility because Mr. Sterkel's activities reflect a level of functioning that is inconsistent with his claims of disability, as well as observations made by the ALJ at the hearing, and a failure to treat his alleged mental impairments.

**B. The ALJ Properly Weighed the Opinion Evidence.**

 **a.  The ALJ properly considered the opinion evidence of Ray William Smith, Ed.D.**

The opinion testimony of Ray William Smith, a licensed mental health counselor with a doctorate of education[2], falls under the category of "other sources." "Other sources" for opinions include nurse practitioners, physicians' assistants, therapists, counselors, welfare agency personnel, teachers, social workers, spouses, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a

---

[2] While Dr. Smith, Ed.D. does have a doctorate of education and is a licensed mental health counselor, he is not an "acceptable medical source" as defined in 20 C.F.R. §§ 404.1513(a), 416.913(a) as a licensed physician, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists; thus Dr. Smith is considered an "other source" as defined in 20 C.F.R. §§ 404.1513(d), 416.913(d).

diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111.

Dr. Smith examined Mr. Sterkel and completed a mental residual functional capacity statement on April 13, 2015. AR 514-517. The ALJ did not completely discount or reject Dr. Smith's opinion, but afforded the opinion partial weight in assessing the severity of Mr. Sterkel's impairments. AR 22. The ALJ supported the decision to afford Dr. Smith's opinion partial weight with multiple germane reasons for doing so.

The ALJ stated that Dr. Smith's findings were "so sensational as to be unbelievable" and noted that the findings are not duplicated by the findings of any psychological examiner or reviewer. AR 22-23. Indeed, Dr. Smith's findings are contradicted by the findings of Amy L. Dowell, M.D., Thomas Clifford, Ph.D., and Deanna Armstrong, M.D. AR 21, 22, 121-22, 434-35, 492. An ALJ may reject even a doctor's opinion that is "so extreme as to be implausible" and are not

supported by any findings made by any other doctor. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

Additionally, in assigning partial weight to Dr. Smith's opinion, the ALJ noted that contrary to Dr. Smith's opinion, Mr. Sterkel is not as severely limited as opined. AR 23. Demonstrated by Mr. Sterkel's actual high-functioning activities of daily living, including being the primary care provider for his children. *Id*. An ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Furthermore, the ALJ assigned only partial weight to Dr. Smith's opinion because the visits were described as being primarily "venting sessions" and because it appears the opinion is heavily based on Mr. Sterkel's self-reported symptoms, which the ALJ properly determined were not credible. AR 23, 56. An ALJ may discount even a treating provider's opinion if it is based largely on the claimant's self-reports and not on clinical evidence, and the ALJ finds the claimant not credible. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

The ALJ properly provided germane reasons for assigning partial weight to the opinion of Dr. Smith, and supported the determination with specific and legitimate reasons supported by substantial evidence in the record. Thus, the ALJ did not err in the consideration of Dr. Smith's opinion.

**b. The ALJ properly weighed the medical opinion evidence of Drs. Dowell, Armstrong, and Clifford.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id.* at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id.* at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than

his or her own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### 1. Dr. Amy Dowell, M.D.

On April 20, 2013, Dr. Dowell examined Mr. Sterkel and provided an opinion regarding his mental limitations. AR 21, 105, 118, 431-35. Dr. Dowell rated Mr. Sterkel's global assessment of functioning at 70, reflecting only mild symptoms, which assessment is higher than the ratings provided by Dr. Smith (35) and Dr. Armstrong (50). AR 21, 22, 434, 492, 517.

While the ALJ did not completely discount Dr. Dowell's opinion, it was afforded partial weight. AR 21. The ALJ noted that Dr. Dowell is an examining physician who provided a medical opinion regarding Mr. Sterkel's limitations, but that Dr. Dowell's opinion is not consistent with the record as a whole, specifically it is at odds with the opinion provided by Dr. Smith. AR 21. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 602-603 (9th Cir. 1999).

Mr. Sterkel briefly contends that this opinion should have been rejected completely. However, Mr. Sterkel's disagreement with the weighing of the evidence does not establish error. It is the ALJ, and not the claimant, who is responsible for weighing the evidence for probity and credibility. *See Sample v. Schweiker*, 694 F.2d 639, 643 (9th Cir. 1982). When the ALJ presents a reasonable

interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld").

The opinion of Dr. Dowell is that of a medical provider given after an examination of Mr. Sterkel. The opinion is somewhat contradicted by Dr. Armstrong, and is contradicted by the opinion of non-medical provider Dr. Smith. In assigning partial weight to Dr. Dowell's opinion, the ALJ supported the determination with specific and legitimate reasons supported by substantial evidence in the record. Thus, the ALJ did not err in the consideration of Dr. Dowell's opinion.

### 2. Dr. Deanna Armstrong, M.D. and Dr. Thomas Clifford, Ph.D.

Examining doctor, Dr. Armstrong, conducted an outpatient intake assessment of Mr. Sterkel, in which she rated his global assessment of functioning score at 50, which assessment is in between the ratings provided by Dr. Smith (35) and Dr. Dowell (70). AR 21, 22, 434, 492, 517. The ALJ assigned only partial weight to Dr. Armstrong's opinion because the score of 50 is not supported with an

explanation, and while the score of 50 reasonably approximates Mr. Sterkel's functioning, it cannot be given great weight due to the lack of explanation. AR 22, 492. Even a treating physician's opinion on a matter may be entitled to little weight when there is no support for that opinion. *See Holohan v. Massanari*, 246 F.3d 1195, 1202-1203, n.2 (9th Cir. 2001).

Non-examining State agency psychological consultant, Dr. Clifford, reviewed the record available to him and opined that Mr. Sterkel had non-severe anxiety, affect disorder, and substance addiction, and assigned a global functioning assessment of 70. AR 22, 115-22. The ALJ assigned only partial weight to the opinion of Dr. Clifford because it is not consistent with the record as a whole and later submitted evidence after the reconsideration decision demonstrates severe psychological impairment. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan*, 169 F.3d 595, 602-603. Additionally, an ALJ may reject the opinion of a non-examining doctor by reference to specific evidence in the medical record. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

The ALJ provided specific and legitimate reasons to give the opinions of Dr. Armstrong and Dr. Clifford partial weight. However, without explanation or any reason provided, Mr. Sterkel contends that Dr. Clifford's opinion should have been completely rejected, and that Dr. Armstrong's opinion should be completely

rejected as well because he feels the ALJ is acting as a medical expert when stating that the ALJ believes Dr. Armstrong's opinion reasonably approximates Mr. Sterkel's psychiatric functioning.

As noted above, Mr. Sterkel's disagreement with the weighing of the evidence does not establish error. It is the ALJ, and not the claimant, who is responsible for weighing the evidence for probity and credibility. *See Sample*, 694 F.2d 639, 643. When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld").

In assigning partial weight to the opinions of Dr. Armstrong and Dr. Clifford, the ALJ supported the determination with specific and legitimate reasons supported by substantial evidence in the record. Thus, the Court finds the ALJ did not err in his consideration of the opinions of Dr. Armstrong and Dr. Clifford.

### C. The ALJ properly assessed Mr. Sterkel's residual functional capacity and did not err at step five of the sequential evaluation process.

Mr. Sterkel argues that his assessed residual functional capacity, and the resulting step five finding did not account for all of his limitations. Specifically,

1  Mr. Sterkel contends that the assessed residual functional capacity is incomplete

2  because it does not include, and is not comprised solely of, the limitations

3  suggested by Dr. Smith, who is not a treating or examining physician and not a

4  medically acceptable source. However, the Court has already found no error in the

5  ALJ's treatment of Dr. Smith's opinion and determined that the ALJ properly

6  afforded the opinion partial credit. *See supra* at 12-14.

7       Additionally, Mr. Sterkel contends that the RFC findings are erroneous

8  because the ALJ assessed mental limitations in between those suggested by Dr.

9  Dowell and Dr. Smith and that are not directly supported by a medical opinion.

10  Contrary to Mr. Sterkel's contention, the ALJ is not required to base the residual

11  functional capacity finding wholly or directly on the opinion of a treating or

12  examining medical doctor, neither of which Dr. Smith would be; it is solely the

13  ALJ's responsibility to determine a claimant's residual functional capacity. 20

14  C.F.R. §§ 404.1546(c), 416.946(c); *see also Vertigan v. Halter*, 260 F.3d 1044,

15  1049 (9th Cir. 2001). An ALJ's consideration of a medical source's opinion is not

16  inadequate simply because the ALJ does not adopt that opinion in verbatim terms

17  in the ALJ's residual functional capacity finding. *See Turner v. Comm'r of the Soc.*

18  *Sec. Admin.*, 613 F.3d 1217, 1222-1223 (9th Cir. 2010); *see also Chapo v. Astrue*,

19  682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the

20

regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question.").

Importantly, the RFC assessed is supported by substantial evidence in the record, including the high functioning assessment and global assessment of functioning rating of 70 opined by Dr. Dowell, the global assessment functioning of rating of 70 opined by Dr. Clifford, the global assessment of functioning rating of 50 by Dr. Armstrong directly supporting the RFC assessed by the ALJ, and the low functioning assessment and global assessment of functioning rating of 35 opined by Dr. Smith. AR 21, 22, 122, 434, 492, 517. Additionally, Mr. Sterkel is benefited by the ALJ's psychological functioning assessment between the levels of functioning assessed by Dr. Dowell and Dr. Smith, because the assessment includes factoring in the limitations assessed by Dr. Smith, a non-medically acceptable source, when all three of the medically acceptable source doctors contradict Dr. Smith's opinion and assessed fewer limitations and a higher level of functioning than Dr. Smith.

Therefore, the ALJ's decision is supported by substantial evidence and the ALJ appropriately constructed Mr. Sterkel's mental residual functional capacity and a properly framed hypothetical question was addressed to the vocational expert. Additionally, the vocational expert identified jobs in the national economy that exist in significant numbers that match the abilities of Mr. Sterkel, given his

limitations. Thus, the Court finds the ALJ did not err in assessing Mr. Sterkel's residual functional capacity and the ALJ did not fail to identify jobs that Mr. Sterkel could perform despite his functional limitations.

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 14,** is **GRANTED.**

3. **Judgment shall be entered in favor of Defendant** and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 1st day of June, 2017.


_s/Robert H. Whaley_
ROBERT H. WHALEY
Senior United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 22